**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL ALLEN BULLOCK, | No. 23-CV-3041-CJW-KEM |
| Plaintiff, | |
| vs. | **ORDER** |
| JESSICA DOE and JOHN DOES I-XX, | |
| Defendants *in personam,* | |
| and | |
| 119,873.29 U.S. DOLLAR COIN and 119,873 TETHER VIRTUAL CURRENCY, | |
| Defendants *in rem.* | |

_____

## I.    INTRODUCTION

This matter is before the Court on plaintiff's Motion for Preliminary Injunction, filed October 19, 2023.  (Doc. 2).  The Court held a show cause hearing on the motion on December 18, 2023.  (Doc. 47).  For the following reasons, plaintiff's motion is **granted**.

## II.    BACKGROUND

On November 3, 2023, the Court granted plaintiff's request for TRO.  (Doc. 17). For the general factual background of the case, see the TRO, at Doc. 17.  On November 14, 2023, the Court extended the TRO for 14 days.  (Doc. 27).  On November 28, 2023, the Court extended the TRO for an additional 21 days and scheduled a Show Cause hearing on plaintiff's request for preliminary injunction.  (Doc. 37).  In the meantime, plaintiff has voluntarily dismissed all relief parties/garnishees.  (Docs. 32, 45, 46).

Plaintiff also served the Doe defendants through an alternative form of process. On December 18, 2023, the Court held the Show Cause hearing, where counsel for plaintiff appeared and counsel for former relief party/garnishee Circle Internet Financial, LLC appeared. (Doc. 47). No one appeared for defendants.

## III. DISCUSSION

The Court finds that the factors that caused the Court to grant the initial TRO, *see* Doc. 17, have not materially changed, at least regarding the parties who are still involved in this lawsuit. Thus, the Court will enter a preliminary injunction consistent with its previous orders, but without relief regarding the parties who have been dismissed from the case. (*See* Docs. 17, 27, & 37).

Federal Rule of Civil Procedure 65(c) states that the Court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "The amount of the bond rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of that discretion." *Stockslager v. Carroll Elec. Co-op Corp.*, 528 F.2d 949, 951 (8th Cir. 1976). When there is no basis to believe a defendant may be harmed by an injunction, courts have approved nominal bonds. *See, e.g.*, *Streicher's, Inc. v. Hummel*, Civ. No. 23-995 (PAM/ECW), 2023 WL 3018680, at *6 (D. Minn. Apr. 20, 2023) (approving nominal bond of $100); *Pence v. City of St. Louis, Mo.*, 958 F. Supp. 2d 1079, 1087 (E.D. Mo. 2013) (approving a nominal bond of $10); *Omaha Steaks Int'l, Inc. v. Frontier Choice Steaks, LLC*, No. C 13–4095–MWB, 2013 WL 6491475, at *2 (N.D. Iowa Dec. 10, 2013) (approving nominal bond of $100); *Interbake Foods, L.L.C. v. Tomasiello*, 461 F. Supp. 2d 943, 979–80 (N.D. Iowa 2006) (setting a preliminary injunction bond at $1.00).

Thus, plaintiff's motion for preliminary injunction is **granted** as to all defendants. Plaintiff is to post a nominal bond with the Clerk of Court in the amount of $100.00.

## IV.    *CONCLUSION*

For the reasons set forth above, plaintiff's Motion for Preliminary Injunction (Doc. 2) is **granted.**

**IT IS SO ORDERED** this 18th day of December, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa