# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL ALLEN BULLOCK, <br><br> Plaintiff, <br><br> vs. <br><br> JESSICA DOE and JOHN DOES I-XX, <br><br> Defendants *in personam,* <br><br> and <br><br> 119,873.29 U.S. DOLLAR COIN and 119,873 TETHER VIRTUAL CURRENCY, <br><br> Defendants *in rem.* | No. 23-CV-3041-CJW-KEM <br><br> **ORDER** |

This matter is before the Court on receipt of plaintiff's Notice as to Compliance with Rule 65(c). (Doc. 49). For the following reasons, the Court terminates the preliminary injunction previously entered in this case.

On November 3, 2023, the Court granted plaintiff's request for TRO. (Doc. 17). For the general factual background of the case, see the TRO, at Doc. 17. On November 14, 2023, the Court extended the TRO for 14 days. (Doc. 27). On November 28, 2023, the Court extended the TRO for an additional 21 days and scheduled a Show Cause hearing on plaintiff's request for preliminary injunction. (Doc. 37). In the meantime, plaintiff has voluntarily dismissed all relief parties/garnishees. (Docs. 32, 45, 46). Plaintiff also served the Doe defendants through an alternative form of process. On December 18, 2023, the Court held the Show Cause hearing where counsel for plaintiff appeared and counsel for former relief party/garnishee Circle Internet Financial, LLC

appeared. (Doc. 47). No one appeared for defendants. On the same date, the Court entered an order granting the preliminary injunction and requiring plaintiff to pay a nominal injunction bond in the amount of $100.00.

On December 22, 2023, plaintiff filed his notice that he did not intend to pay the bond. (Doc. 49). In that notice, plaintiff stated:

> Since the entry of the Order, Plaintiff has come to understand newly-learned information about the bond-posting process that has led him to conclude that posting bond is no longer feasible or desirable, even though failure to post bond will cause the dissolution of the injunction. He has had an opportunity to discuss his new change of mind with his retained blockchain forensic expert witness in order to understand the impact that failing to post bond may have on his chances of recovery of the disputed cryptocurrency. Despite the dissolution, Plaintiff still believes that posting bond is no longer feasible or desirable, and no longer wishes to post bond.

(*Id.*, at 2-3). Plaintiff went on to state that he "does not object to the Court dissolving or otherwise terminating the Preliminary Injunction against the John Doe defendants." (*Id.*, at 3).

For the reasons set forth above, the preliminary injunction entered on December 18, 2023, is **terminated.**

**IT IS SO ORDERED** this 29th day of December, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa