IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BULLOCK, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA DOE AND JOHN DOES I-XX,<br><br>Defendants *in personam,*<br><br>- and -<br><br>119,873.29 U.S. DOLLAR COIN and 119,873 TETHER VIRTUAL CURRENCY,<br><br>Defendants *in rem.* | Case No.: 3:23-cv-03041-CJW-KEM<br><br>**PLAINTIFF'S RULE 55(B) APPLICATION FOR DEFAULT** |

## PLAINTIFF'S RULE 55(B) APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST THE *IN REM* DEFENDANTS AS WELL AS *IN PERSONAM* DEFENDANTS JESSICA DOE AND JOHN DOES I-XX

Pursuant to Federal Rule of Civil Procedure 55(b), and for the reasons stated in the incorporated Memorandum in Support of Motion for Default Judgment and Permanent Injunction filed contemporaneously herewith, Plaintiff respectfully moves this Court for entry of default judgment against Defendants Jessica Doe and John Does I-XX (The Does), declaring that:

1. Plaintiff is the lawful owner of *in rem* Defendants 119,873.29 U.S. Dollar Coin (USDC) – including any USDC stored in Scam Addresses A-L and N-R as identified in Plaintiff's Verified Complaint – and $119,873 Tether Virtual Currency (USDT);

2. The Does, their agents, servants, employees and all others acting under their permission and authority, be permanently enjoined and restrained from further disposition of Plaintiff's property;

3. The Does pay Plaintiff's actual damages in an amount to be determined by this Court in a subsequent hearing;

4. The Does pay Plaintiff punitive damages in an amount equal to four times Plaintiff's actual damages, as determined by this Court in a subsequent hearing;

5. The Does pay Plaintiff's costs, including reasonable attorney's fees, pursuant to 18 U.S.C § 1964(c);

6. The Does pay interest on the award.

Plaintiff respectfully requests that the Court find the fact of Defendants' default duly established, and schedule a hearing to allow Plaintiff to present his damages to the Court. While Plaintiff submits that – other than those relating to the amount of damages – the allegations set forth in his Complaint are, by virtue of default, deemed established, Plaintiff wishes to know whether the Court would benefit from any further testimony from Plaintiff's expert witness, J. Mason Bump, whether on the nature of the Defendants' wrongdoing or the possession, ownership and valuation of cryptocurrencies.

DATED 8 JULY 2024

Respectfully submitted,

HARDING LAW OFFICES

/s/ *Joseph R. Casey*
Joseph R. Casey, Esq. (AT0014276)
1217 Army Post Road
Des Moines, Iowa 50315-5596
Telephone: (515) 287-1454
Facsimile: (515) 287-1442
joe@iowalegal.com

ATTORNEYS FOR PLAINTIFF

*Original filed by CM/ECF.*

*Copies to all counsel of record.*