IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BULLOCK, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> JESSICA DOE AND JOHN DOES I-XX, <br><br> Defendants *in personam,* <br><br> - and - <br><br> 119,873.29 U.S. DOLLAR COIN and 119,873 TETHER VIRTUAL CURRENCY, <br><br> Defendants *in rem.* | Case No.: 3:23-cv-03041-CJW-KEM <br><br><br> **PLAINTIFF'S BRIEF IN SUPPORT OF HIS RULE 55(B) APPLICATION** |

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS RULE 55(B) APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS JESSICA DOE AND JOHN DOES I-XX

Plaintiff Michael Bullock filed his Complaint on October 19, 2023. (Dkt. #1 Complaint). On December 5, 2023, the Summons, Verified Complaint with Exhibits, Court Order Authorizing Alternative Service Via NFT and Website Publication, with Exhibits, Motions for Alternative Service and TRO, with Exhibits, Two Orders granting extensions of the same TRO and scheduling a hearing on a Permanent Injunction, and Briefs in Support of Motions for Alternate Service and TRO were served upon Defendants Jessica Doe and John Does I-XX, as yet unidentified individuals (Defendants). (**Exhibit 1**, Declaration of Joseph R. Casey).

The method of service authorized by the Court was by means of a Non-Fungible Token (NFT) and via website posting pursuant to the Court's Order Granting Alternate Service. (Dkt. #42

Order incorporating Dkt. #41-7). The service NFTs were served to the various Ethereum addresses identified in Plaintiff's motion. (Dkt. #39 Motion p. 4-5).

Pursuant to Fed. R. Civ. P. 6 and 12, Defendants were required to file an answer or otherwise respond to the Complaint on or before December 26, 2023. Defendants have not filed or served an answer or motion pursuant to Fed. R. Civ. P. 12, and Plaintiff has not previously sought entry of default because the Court had permitted extensive pre-Answer discovery in the hopes of bringing the Defendants more fully into the action. As Plaintiff seeks extensive damages beyond the restitution his initial stolen funds, Plaintiff requests the entry of default and that the Court hold a hearing to calculate Plaintiff's damages.[1]

## I.     Introduction

Plaintiff filed this action against Defendants Jessica Doe and John Does I-XX, individuals who worked in concert to steal more than $119,000.00 worth of digital assets from Plaintiff. (Dkt. #1 Complaint ¶ 2). Defendants are in default, and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks default judgment finding Defendants liable on Count I (Conversion), Count II (Racketeering), Count III (Conspiracy to Commit Racketeering), Count V (Fraudulent Misrepresentation), Count VI (Voidable Transaction) and Count VII (Aiding and Abetting Tort). The defaulted Defendants' refusal to participate in these proceedings has foreclosed Plaintiff's ability to secure any discovery directly from Defendants. Plaintiff does not seek entry of default on Count IV (Negligent Infliction of Emotional Distress).

Plaintiff also prays the judgment includes the entry of a permanent injunction.

## II.    Factual Background

---

[1] Plaintiff, if permitted by the Court, anticipates filing a pre-hearing damages brief, addressing Plaintiff's damages in detail.

Defendants achieved their scheme by means of the now-notorious "pig butchering scam," wherein they facilitated an online relationship with Plaintiff, enticing him to send an Ethereum-based cryptocurrency, U.S. Dollar Coin (USDC), to their Ethereum blockchain addresses after convincing Plaintiff that he was investing through an online cryptocurrency exchange (www.Zaifint.com) which never, in fact, existed outside of an online interface controlled by Defendants and made to appear as if it were a legitimate cryptocurrency exchange. (Dkt. #1 Complaint ¶ 41, et seq.). Defendants then swapped the stolen USDC for an equivalent amount of USDT (Tether). (Dkt. #1 Complaint ¶ 53).

The entirety of Defendants' tortious conduct occurred online (i.e., digitally). Their contact with Plaintiff was almost exclusively through encrypted, digital messaging platforms (WhatsApp and Telegram) and the transactions used to effectuate the conversion of Plaintiff's USDC and subsequent fraudulent conveyances in USDC and USDT were performed entirely on the Ethereum blockchain. To date, Defendants continue to possess Plaintiff's stolen property and otherwise benefit from the theft.

### III. Procedural Background

This action was filed on October 19, 2023. (Dkt. #1 Complaint). On November 30, 2023, this Court authorized alternate service. (Dkt. #42 Order). Pursuant to that Order, on December 5, 2023, Plaintiff's Counsel minted non-fungible tokens (Service Tokens) to transfer via QR Code and hyperlink. (Casey Declaration). Accordingly, Defendants were served with the Summons, Verified Complaint with Exhibits, Court Order Authorizing Alternative Service Via NFT and Website Publication, with Exhibits, Motions for Alternative Service and TRO, with Exhibits, Two Orders granting extensions of the same TRO and scheduling a hearing on a Permanent Injunction,

and Briefs in Support of Motions for Alternate Service and TRO on December 5, 2023, pursuant to (1) the Service Token) and (2) Plaintiff's service website. (Casey Declaration).

The time has expired for Defendants to respond to the Complaint. Defendants have failed to file an Answer or otherwise participate in this action. Plaintiff's counsel is informed and believes that no Defendant is an infant or incompetent person, and that the Service Members Civil Relief Act does not apply. Plaintiff now moves the Court to enter default judgment against the Defendants and hear his damages.

## IV. Argument

### A. Final default judgment should be entered against Defendants.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Personal jurisdiction over Defendants and venue is proper here pursuant to 18 U.S.C. § 1965(a), (b) and 28 U.S.C. § 1391(b),(c) as Defendants transact their affairs in this district and direct business activities toward and business with consumers in Iowa and this district. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 884 (2011) (identifying that in finding personal jurisdiction exists: "The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction.")

"Once default has been entered, as it has been here, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *U.S. v. Daut*, 601 F.Supp.3d 440, 444 (S.D. Iowa 2022) *quoting Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) And because "a party is required to admit or deny every allegation," under Rule 8, "an allegation - other than one relating to the amount of damages - is admitted." *Id*. "Once the Court finds a party is entitled to default judgment, it must ascertain the amount of damages and determine other appropriate relief." *Id*.

4
Case 3:23-cv-03041-CJW-KEM    Document 70-1    Filed 07/08/24    Page 4 of 9

### B. Defendants' liability is established by the allegations in the Complaint.

#### 1. Conversion (Count I) is established.

"The essential elements of conversion are: (1) ownership by the plaintiff or other possessory right in the plaintiff greater than that of the defendant; (2) exercise of dominion or control over chattels by defendant inconsistent with, and in derogation of, plaintiff's possessory rights thereto; and (3) damage to plaintiff." *GenoSource, LLC v. Inguran, LLC*, 373 F.Supp. 3d 1212, 1222 (N.D. Iowa 2018).

As alleged: (1) "Plaintiff owns and has a possessory right to the 119,873.29 USDC and 119,873 USDT;" (2) "retained by Defendants," who "have not rightful ownership or possessory interest in Plaintiff's 119,873.29 USDC and 119,873 USDT," and who "wrongfully maintain possession and dominion over Plaintiff's 119,873.29 USDC and 119,873 USDT," which is "inconsistent with, and in derogation of, Plaintiff's ownership and possessory rights;" and (3) "Plaintiff has suffered damages and continues to suffer damages." (Dkt. #1 ¶¶ 59-63, 66).

Circle Internet Financial, a former relief party and garnishee dismissed from this action pursuant to stipulation, has "blocklisted" Scam Addresses A-L and N-R (as identified in Plaintiff's Verified Complaint) from further transactions in USDC.

#### 2. Racketeering (Count II) is established.

"A violation of § 1962(c) requires [plaintiff] show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1053 (8th Cir. 2024). "A civil RICO plaintiff must show injury by reason of a RICO violation, that is injury both factually and proximately caused by the violation." *Id*. "Racketeering activity consists of the commission of a predicate act, as defined in 18 U.S.C. § 1961(1))," and "includes … wire … wire, or bank fraud." *Id*. The latter requires "a showing of: (1) a plan or scheme to defraud, (2)

intent to defraud, (3) reasonable foreseeability that the … wires will be used, and (4) actual use of the … wires to further the scheme." *Id*. Moreover, the "wire communications are insufficient to establish the RICO continuity factor unless they contain misrepresentations themselves." *Id*. "A pattern of racketeering activity requires at least two acts of racketeering activity." *Id*.

As alleged: (1) Defendants engaged in criminal acts via cryptocurrency exchanges, operated a fraudulent enterprise to steal digital assets; (2) Defendants operated and continue to operate an enterprise; (3) in a pattern; of (4) racketeering. (Dkt. #1 ¶¶ 68-75). There have been at least two predicate acts. (Dkt. #1 ¶¶ 71-78).

### 3. Conspiracy to Commit Racketeering (Count III) is established.

In addition to the elements outlined above, "a RICO conspiracy requires proof of the additional element of agreement." *Reynolds v. Condon*, 908 F.Supp. 1494,1520 (N.D. Iowa 1995) *quoting U.S. v. Bennett*, 44 F.3d 1364, 1374 (8th Cir. 1995).

As alleged: "Defendants Jessica Doe and John Does I-XX agreed that someone would commit the predicate acts as detailed above." (Dkt. #1 ¶ 84).

### 4. Fraudulent Misrepresentation (Count V) has been established.

"[T]he required elements of fraudulent misrepresentation under Iowa law are: (1) a material (2) false (3) representation coupled with (4) scienter and (5) intent to deceive, which the other party (6) relies upon with (7) resulting damages." *Schaller v. Telephone Co. v. Golden Sky Systems, Inc.*, 139 F.Supp.2d 1071, 1104 (N.D. Iowa 2001).

As alleged: (1) representations of experience as a cryptocurrency trader, legitimate cryptocurrency exchange; (2) these statements were false; (3-4) "Defendants knew their conduct was wrongful and intentionally acted; (5) "Defendants engaged in … conduct in order to

intentionally deceive Plaintiff; (6) Plaintiff relied upon these false statements; and (7) Plaintiff's damages. (Dkt. #1 ¶¶ 98-99, 101-107).

5. **Voidable transactions (Count VI) is established.**

To prevail on this claim, Plaintiff must show he has a right to a claim for relief, for the improper transfer of an asset. I.C.A. § 684.1. As alleged, Defendants stole Plaintiff's cryptocurrency and transferred it in a shell game of multiple conveyances. (Dkt. #1 ¶¶ 109-116). And the relief Plaintiff has requested, injunction, is authorized. I.C.A. § 684.7(1)(c).

6. **Aiding and abetting a tort (Count VII) is established.**

The elements of a claim for aiding and abetting a tort are: (1) a tort that injured plaintiff; (2) defendant knew the tortfeasor's conduct constituted a breach of duty; and (3) the defendant "must substantially assist or encourage the primary tort-feasor in the achievement of the breach." *Sandu v. Kanzler*, 932 F.3d 1107, 1118 (8th Cir. 2019) (applying Minnesota law).

As alleged: (1) "Jessica Doe committed the tort of conversion and other unlawful acts;" (2) "Defendants John Doe I-XX knew that Defendant Jessica Doe was going to, and in fact did, engage in the tortious conduct;" and (3) "Defendants John Doe I-XX substantially encourage and/or substantially assisted Defendant Jessica Doe in committing the tortious conduct." (Dkt. #1 ¶¶ 119)

Accordingly, Default Judgment pursuant to Rule 55 should be entered against Defendants on Counts I-III and V-VII.

**C. Plaintiff's Requested Relief Should be Granted**

**A. Damages**

As identified in the Complaint, Defendants stole 119,873.29 U.S. Dollar Coin and 119,873 Tether Virtual Currency, worth at the time $119,873.29. (Dkt. #1 ¶¶ 2, 11, 12). As the value of

these cryptocurrencies are pegged to the U.S. Dollar, Plaintiff should be awarded the dollar equivalent, namely $119,873.29.

**B.    Entry of a Permanent Injunction and Imposition of a Constructive Trust is Appropriate.**

Both of these remedies are required to prevent Defendants' continued conversion and to afford Plaintiff complete relief. And this Court's powers are sufficiently broad to afford this relief. *See Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for … the essence of equity jurisdiction has been the power … to do equity and to mold each decree to the necessities of the particular case.")

Permanent injunction is authorized where a plaintiff demonstrates: (1) he has suffered an irreparable injury; (2) there is no adequate remedy at law; (3) balancing of the harms favors the equitable remedy; and (4) the injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Absent the permanent injunction, Defendants will remain free to transfer Plaintiff's funds and continue to harm others, such that it must be issued. This is made clear by Defendants' contumacious refusal to appear or otherwise submit to this Court's jurisdiction. *See Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1103 (N.D. Cal. 2003) (discussing trademark: "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiffs are entitled to permanent injunctive relief."). And although former Relief Party Circle Internet Financial has blocklisted certain addresses controlled by the Defendants, its freeze does not prevent Defendants from dissipating the USDT or any other proceeds of the scam. Permanent injunctive relief is appropriate.

**Conclusion**

For the reasons aforesaid, Plaintiff Michael Bullock respectfully requests this Court enter Default Judgment as set out herein and enter the relief requested in Plaintiff's Motion.

DATED 8 JULY 2024

        Respectfully submitted,

        HARDING LAW OFFICES

        /s/ *Joseph R. Casey*
        Joseph R. Casey, Esq. (AT0014276)
        1217 Army Post Road
        Des Moines, Iowa 50315-5596
        Telephone: (515) 287-1454
        Facsimile: (515) 287-1442
        joe@iowalegal.com

        ATTORNEYS FOR PLAINTIFF